**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HUSSEIN HAMMOUD,

        Plaintiff/Petitioner,

CASE NO. 05-74222
HON. LAWRENCE P. ZATKOFF

v.

DARRELL E. WOODARD, and
UNITED STATES BUREAU OF
CUSTOMS AND BORDER PROTECTION,
an agency of the United States Government,

        Defendants/Respondents.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on


PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE


### I.  INTRODUCTION

This matter is before the Court on Plaintiff's Petition for Writ of Mandamus.  Defendants have responded and Plaintiff has replied to the response.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the Petition be resolved on the briefs submitted.  For the reasons set forth below, Plaintiff's Petition for Writ of Mandamus is GRANTED, in part.

### II. BACKGROUND

On November 19, 2001, Defendant U.S. Customs seized $380,000 from an account held by Ahmed Salame at the Huntington National Bank in Dearborn, Michigan.  On January 9, 2002, Defendants notified Plaintiff Hussein Hammoud[1] that "[t]he facts available to Customs indicate that you have an interest in the seized property."  The notice advised Hammoud that he had the right to file a petition for relief.  On March 11, 2002, Plaintiff filed such a petition.

After approximately three years of review, Customs informed Hammoud in a May 3, 2005 letter that it was denying his petition for relief:

> It is our position that when a person gives money to another to transmit it to a third party, that person becomes an unsecured general creditor of the transmitter (in this case, Mr. Salame), and thus has no Article III standing to challenge the forfeiture of those funds.  The foregoing is true of petitioner or any other claimant.  As noted above, Mr. Salame is the only signatory on the account that held the funds.  In addition, petitioner lacks statutory standing to challenge any forfeiture, in that as a general unsecured creditor he is not considered an "owner" within the meaning of the Civil Asset Forfeiture Reform Act of 2000 (CAFRA). [citations omitted]
> As a consequence, Mr. Hammoud's petition for monies deposited into Mr. Salame's business account is denied.

Shortly thereafter, in a May 11, 2005 letter, Customs informed Hammoud that if he wished to continue his claim for the seized funds he must either (1) file a supplemental petition setting forth news facts or evidence, or (2) file a claim to the property pursuant to 18 U.S.C. § 983(a)(2) and request that this matter be referred for judicial forfeiture.

On June 14, 2005, Hammoud chose the latter option and filed a timely claim pursuant to 18 U.S.C. § 983(a)(2).  On September 12, 2005, Customs responded by letter and explained that it would not accept Hammoud's claim and would not refer the case for judicial forfeiture.  Customs explained that it was denying Hammoud's present claim for judicial forfeiture for the same reasons

---

[1] Plaintiff is a resident of Nigeria and a citizen of Lebanon.

that it had denied his administrative claim, i.e., Hammoud was not an "owner" of the funds and accordingly did not have standing to bring a claim.

On September 15, 2005, Customs published a notice in the Detroit Legal News of the seizure and of the government's intention to forfeit the property. The notice included instructions that "any person who claims to have an ownership or possessory interest in this property, and desires to claim this property must file a claim with Customs." Plaintiff Hammoud again filed a claim on October 5, 2005, and in an October 7, 2005 letter, Customs again refused to accept Hammoud's claim.

Plaintiff filed the instant Complaint and Petition for Writ of Mandamus on November 3, 2005. By this petition, Plaintiff Hammoud seeks a writ of mandamus to order the United States Customs Agency to release the $380,000 in seized funds.

### III. LEGAL STANDARD

28 U.S.C. § 1361 states: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "A writ of mandamus is an extraordinary remedy, and is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty." *Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir. 1991) (citations omitted). "[T]here must be: (1) a clear duty on the part of the defendant to perform the act in question; (2) a clear right on the part of the plaintiff to demand the relief sought; and (3) an absence of an adequate alternative remedy." *Timken Co. v. U.S.*, 893 F.2d 337 (Fed. Cir. 1990).

## IV.  ANALYSIS

Plaintiff argues that, despite the extraordinary nature of the remedy, mandamus is appropriate in the present case because Customs failed in its clear duty to file a complaint for forfeiture and because Plaintiff has exhausted his alternate remedies.  The Court agrees.

### A. Clear Duty

In its letters denying Plaintiff's claim and in its response brief, Defendant Customs repeatedly asserted that it was not permitting Plaintiff's claim because Plaintiff Hammoud was not a signatory on the Huntington National Account and therefore did not have standing to bring a claim. Defendant's rationale for denying Plaintiff's claim is not permitted, however, by 18 U.S.C. § 983, which governs the rules for civil forfeiture proceedings.  18 U.S.C. 983(a)(2) states:

> (A) Any person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure.
> . . . .
> (C) A claim shall—
> > (i) identify the specific property being claimed;
> > (ii) state the claimant's interest in such property; and
> > (iii) be made under oath, subject to penalty of perjury.

Other than these basic requirements for filing a claim, which Customs does not dispute that Plaintiff met, there are no additional requirements for filing a claim.  Once a claim is properly filed, the statute is clear as to the government's responsibility to institute civil forfeiture proceedings:

> (A) Not later than 90 days after a claim has been filed, ***the Government shall file a complaint for forfeiture*** in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.
> (B) ***If the Government does not***—
> > (i) ***file a complaint for forfeiture or return the property***, in accordance with subparagraph (A); or

>   (ii) before the time for filing a complaint has expired—
>   >   (I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and
>   >   (II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,
>
>   ***the Government shall promptly release the property pursuant*** to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

18 U.S.C. § 983(a)(3) (emphasis added).

Pursuant to the above statutory provisions, Defendant Customs had a clear duty to file a complaint for forfeiture. The statute does not give Customs the authority to impose any additional standing requirements, and accordingly, Plaintiff's claim should have been accepted and Customs should have filed a complaint for forfeiture pursuant to 18 U.S.C. § 983(a)(3).

**B. No Adequate Alternative Remedy**

In addition to showing that Defendant had a clear duty to perform the act in question, a Plaintiff seeking mandamus relief must also show that he has no adequate alternative remedy. The Court finds that Plaintiff has made this showing.

Plaintiff made numerous attempts to claim the $380,000 seized by Customs. Plaintiff made an administrative claim in 2002, which was denied by Customs on May 3, 2005. When informed by Customs that his remaining remedy was to file a claim for judicial forfeiture, Plaintiff did so. As discussed in the previous section, Customs twice denied Plaintiff's claim in violation of its clear duty under 18 U.S.C. § 983(a)(3) to institute civil forfeiture proceedings. Faced with no other remedy to claim the seized $380,000, Plaintiff filed the instant petition for mandamus.

In its response brief, Defendant asserts that Plaintiff did not exhaust his remedies and refers the Court to the following five part test of *In re Bendectin Products*, 749 F.2d 300, 304 (6th Cir.

1984):

> (1) The party seeking the writ has no other adequate means, such as direct appeal, to attain the relief desired.
> (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely related to the first).
> (3) The district court's order is clearly erroneous as a matter of law.
> (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules.
> (5) The district court's order raises new and important problems, or issues of law of first impression.

The Court finds, however, that a number of these factors are irrelevant to the present case because Plaintiff is not seeking to overturn a district court's order. Instead, Plaintiff's petition for mandamus seeks to order Defendant Customs to institute civil forfeiture proceedings. By denying Plaintiff's claim, Customs cut off Plaintiff's remaining judicial remedies and prevented Plaintiff from obtaining a direct appeal of Customs' ruling. Accordingly, the Court finds that Plaintiff had no adequate alternative remedy and that he properly filed the present petition.

**C. No Clear Right to Have the Seized Funds Released**

Based on the clear duty required of Customs by 18 U.S.C. § 983(a)(3), Plaintiff has a clear right to have his claim accepted by Customs and to have Customs file a complaint for forfeiture. The Court finds, however, that Plaintiff has not shown that he has a clear right to have the seized $380,000 released.

Plaintiff relies on Section 983(a)(3)(B), which states that "[i]f the Government does not. . . file a complaint for forfeiture or return the property . . . the Government shall promptly release the property." The Court nevertheless retains the authority to extend the period for filing a civil forfeiture complaint "for good cause shown." *See* 18 U.S.C. § 983(a)(3)(A). Because Customs

mistakenly believed it had the authority to reject Plaintiff's claim[2], the Court finds that there is good cause for extending the period in which the Government may institute civil forfeiture proceedings. Accordingly, the Court finds that Plaintiff does not have a clear right to have the seized funds released, and the Court will not order the release of the seized funds as part of its order.

## V. CONCLUSION

For the above reasons, the Court HEREBY GRANTS, in part, Plaintiff's Petition for Writ of Mandamus. The Court HEREBY ORDERS Defendants to accept Plaintiff's claim and to file a civil forfeiture complaint within the next 60 days.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: February 17, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 17, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290

---

[2] Defendants' "mistake" was in making a standing determination on its own and thereby preventing the Court from addressing the question. The Court makes no finding as to whether or not Plaintiff has standing to contest the forfeiture of the seized funds, and the Government is not precluded from making this argument once the complaint for forfeiture has been filed.

7